UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESSIE CATHARINE NEW,<br><br>    Petitioner,<br><br>  v.<br><br>FDC SEATAC,<br><br>    Respondent. | CASE NO. C05-5663RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**February 17th, 2006** |

This 28 U.S.C. § 2241 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4. Petitioner is proceeding *pro se* in this 28 U.S.C. § 2241 habeas corpus which challenges her being held at the Sea-Tac Federal Detention Center. The court learned that on October 11th, 2005 Ms. New was transported to Alaska on a warrant. The court entered an order giving petitioner thirty days to provide a current address. (Dkt. # 3).

On December 19th, 2005 petitioner filed a motion asking that this action be transferred to a court in Alaska.. From the pleading it appears petitioner wants the action transferred to "Palmer

REPORT AND RECOMMENDATION
PAGE – 1

Court ,435 South Denali, Palmer AK, 99645-6437.  In her motion petitioner states she is under arrest and that correspondence should be sent to 2210 Tumagain, Apt A,  Anchorage, AK. 99515.  (Dkt. 3).

Petitioner does not ask for transfer to the United States District Court of Alaska which is in Anchorage. Nor does it appear that petitioner has exhausted any issue in state court regarding her arrest or extradition.

While this action may will belong in an Alaska state court it is petitioner who would need to file the action or contest her extradition in state court through counsel in her criminal proceedings.  Accordingly the court recommends that this action be **DISMISSED WITHOUT PREJUDICE**.  A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on February 17th, 2006, as noted in the caption.

DATED this 13th day of January, 2006.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 2